UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **ROY TEEPLES, an individual**, | Case No. 3:15-CV-02023-KI |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **RCO LEGAL, P.C., a professional corporation**, | |
| Defendant. | |

Theodore J. Piteo
Attorney for Plaintiff
12909 SW 68th Pkwy, Ste. 160
Portland, OR 97223

    Attorney for Plaintiff

John Thomas
RCO Legal, P.S.
511 SW 10th Ave., Ste. 400
Portland, OR 97205

    Attorney for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Roy Teeples brings a Fair Debt Collection Practices Act ("FDCPA") claim against RCO Legal, P.C. Pending before me is defendant's Motion to Dismiss [9]. For the following reasons, I grant the motion.

## ALLEGED FACTS

Plaintiff alleges he borrowed money to purchase property, and subsequently fell behind on his mortgage payments. Wells Fargo Bank N.A. referred the mortgage loan to defendant to initiate foreclosure proceedings. Defendant initiated a judicial foreclosure in Clackamas County Circuit Court. Plaintiff was subsequently able to obtain a seller who paid the amount required to satisfy the debt. Plaintiff communicated with Wells Fargo Bank about the sale, and plaintiff believes Wells Fargo Bank informed defendant of the pending sale. Defendant continued to prosecute the foreclosure case. Plaintiff alleges defendant submitted a General Judgment of Foreclosure and Money Award to the court on October 6, 2014. The court did not immediately enter the judgment.

The sale of plaintiff's property was completed on November 6, 2014. Plaintiff alleges defendant continued to prosecute the foreclosure case despite the satisfaction of the mortgage loan. Defendant did not dismiss the case. Plaintiff alleges he "contacted Defendant directly, immediately after the Property closing, to advise Defendant that the Property had sold and the Mortgage Loan to [Wells Fargo Bank] had been fully satisfied. Defendant failed to undertake reasonable actions to prevent entry of the Judgment in the Foreclosure Case." Compl. ¶ 16. Plaintiff alleges defendant "stood to earn additional attorney fees from [Wells Fargo Bank], as a progress payment, if it filed for and received a judgment in the case." Compl. ¶ 15.

A judgment in the Clackamas County foreclosure case was signed on December 30, 2014 and entered on January 2, 2015. Plaintiff attempted to obtain credit and was denied due to the judgment. Plaintiff's counsel immediately called defendant and demanded revocation of the judgment. Defendant took two weeks to submit the motion to vacate judgment. Plaintiff suffered headaches, nausea, embarrassment, and doubt regarding entry of the judgment; he was also denied credit. He seeks $40,000 in actual damages.

## LEGAL STANDARDS

Although a plaintiff need not allege detailed facts, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) will be granted if the pleading fails to provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim rises above the speculative level "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The Court is required to "assume the veracity" of all well-pleaded factual allegations. *Id.* at 678. Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 929 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 663). A complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## DISCUSSION

"The Fair Debt Collection Practices Act (FDCPA or Act) imposes civil liability on 'debt collector[s]' for certain prohibited debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010). To state a claim for a violation of the FDCPA, plaintiff must allege (1) that the plaintiff has been the object of collection activity arising from a consumer debt, (2) that the defendant collecting the "debt" is a "debt collector," and (3) that the defendant has engaged in any act or omission in violation of the prohibitions or requirements of the Act. *Amelina v. Mfrs. and Traders Trust Co.*, No. 14-cv-1906 WQH (NLS), 2015 WL 7272224, at *5 (S.D. Cal. Nov. 17, 2015); 15 U.S.C. §§ 1692a, 1692k.

The FDCPA defines the term "debt collector" to mean "any person who uses any instrumentality of interstate commerce . . . in any business the principal purpose of which is the collection of any debts . . . owed or due . . . another." 15 U.S.C. §1692a(6). Six types of persons or organizations are excluded from that definition, but none of the exceptions is applicable here. Plaintiff alleges defendant is a corporation engaged in the business of collecting debt, which regularly attempts to collects debts due another using the mail and telephone. Plaintiff provides a "factual basis from which [I] could plausibly infer that the principal purpose of [defendant's] business is debt collection." *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013).

However, plaintiff must also allege that the defendant was collecting a "debt" and that the actions or omissions of the defendant violated the FDCPA in the collection of that debt. Here, plaintiff relies on 15 U.S.C. §§ 1692e(2)(A), 1692e(5), and 1692e(10), all of which prohibit in specified ways "any false, deceptive, or misleading representation . . . *in connection with the*

Page 4 - OPINION AND ORDER

*collection of any debt.*" 15 U.S.C. § 1692e (emphasis added). However, district courts in the Ninth Circuit which have considered the issue have held that foreclosing on a deed of trust does not generally constitute collecting a debt under the FDCPA. *See Rinegard-Guirma*, No. 3:10-cv-01065-PK, 2012 WL 1110071, at *6 (D. Or. Apr. 2, 2012) (citing cases and commenting that "absent guidance from the Ninth Circuit, I am not prepared to diverge from the general consensus of district courts in this circuit that foreclosure on a deed of trust is outside the scope of the FDCPA"); *Barnes v. Routh Crabtree Olsen, PC*, 3:15-cv-01001-BR, 2016 WL 81799, at *4 (D. Or. Jan. 7, 2016) (adopting reasoning in cited cases); *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp.2d 1188, 1204 (D. Or. 2002) ("the activity of foreclosing on the property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA"); *but see Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006) ("a 'debt' remain[s] a 'debt' even after foreclosure proceedings commenced"); *Kaltenback v. Richards*, 464 F.3d 524, 528-29 (5th Cir. 2006) ("a party who satisfies § 1692a(6)'s general definition of a 'debt collector' is a debt collector for the purposes of the entire FDCPA even when enforcing securing interests"); *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 460-64 (6th Cir. 2013) ("we hold that mortgage foreclosure is debt collection under the Act"); *Lettenmaier v. Fed. Home Mortg.Corp.*, No. CV-11-156-HZ, 2011 WL 1938166, at *12 (D. Or. May 20, 2011) (discussing cases and distinguishing claim brought under 15 U.S.C. § 1692f(6)).[1]

---

[1]Plaintiff cites *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1218 (11th Cir. 2012), but in footnote three the court specifically declined to reach the question of whether enforcing a security interest constitutes debt collection within the meaning of the FDCPA. Similarly, the Tenth Circuit declined to answer the question, finding the plaintiff failed to plausibly state a claim in any event. *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1239 (10th Cir. 2013).

In sum, given the authority cited above, I conclude foreclosure on a deed of trust is outside the scope of the FCPA. Consequently, plaintiff's complaint fails to state a claim for relief under the FDCPA, and no amendment could cure the deficiency.

## CONCLUSION

For the foregoing reasons, I grant defendant's Motion to Dismiss [9] and dismiss this case with prejudice.

IT IS SO ORDERED.

DATED this   3rd   day of February, 2016.

   /s/ Garr M. King
Garr M. King
United States District Judge